United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAIME LIMON-GONZALEZ,

Defendant.

Case No.: CR-12-00685-YGR (KAW)

DETENTION ORDER

# I. BACKGROUND INFORMATION

Defendant Jaime Limon-Gonzalez is charged by indictment with violations of 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute methamphetamine) and § 841 (a)(1) (possession with intent to distribute methamphetamine).

On May 7, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On May 10, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Joyce Leavitt. Assistant United States Attorney Aaron Wegner appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

# II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or

DETENTION ORDER
CR-12-00685-YGR (KAW)                              1

danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that on or about August 2009, Defendant conspired with others to possess with the intent to distribute 50 grams or more of methamphetamine, and that on August 31, 2009 and May 30, 2012, Defendant possessed with the intent to distribute 50 grams or more of methamphetamine.

DETENTION ORDER
CR-12-00685-YGR (KAW)  2

### A. The Nature and Circumstances of the Offense and Weight of the Evidence

The offenses charged in this case are possession with the intent to distribute methamphetamine and conspiracy to possess with the intent to distribute methamphetamine, which gives rise to a rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(3)(A). The presumption of detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

As to the weight of the evidence, while this is the least important factor, the Government proffered that, at the time of his arrest, Defendant attempted to flee police in his motor vehicle. When law enforcement ordered him out of the car, Defendant attempted to back up the car into the street to flee. In addition, the Government proffered that marijuana, large quantities of methamphetamine (most of which was 100% pure), and a loaded firearm were recovered at the time of his arrest. Further, drug customers arrived to make their purchases while police were present. These factors weigh in favor of detention.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 28 years old and claims to reside in Pittsburg, California with his wife and three minor children for the past year. The Government, however, proffered that Defendant has actually been residing in Vacaville, California, where he runs his narcotics business. He completed 10th grade in Concord High School, and advised that he completed a "Snap On" mechanic and air conditioning certification program in 2004. Defendant stated that he is currently self-employed on a full-time basis as an automotive mechanic earning approximately $1,200 to $1,600 per month. The Government disputes Defendant's stated employment.

Defendant's criminal history dates back to 2009, when he sustained a misdemeanor conviction for driving under the influence. The Government proffered that Defendant was previously arrested for drug offenses in 2009, 2012, and on April 26, 2013. Defendant's indictment charges the 2009 and 2012 offenses. On April 29, 2013, the Government stated that Defendant confessed to dealing methamphetamine in Vacaville.

DETENTION ORDER
CR-12-00685-YGR (KAW)  3

Defendant was on probation at the time of his 2012 arrest, sustained a probation violation in 2010, and has failed to appear on at least two occasions. He was also driving on a suspended license at the time of his arrest in April 2013. These violations suggest that he is not amenable to community supervision.

Defendant proposed his brother Pedro Limon, his wife Maria Del Carmen Placencia, and his aunt Maria Gomez as sureties. None of these sureties are viable. Both Defendant's wife and brother were willing to sign an unsecured bond, but Pedro Limon has a recent criminal history involving methamphetamine, and Ms. Del Carmen Placencia is not a legal U.S. Citizen, and is in the country illegally. Ms. Gomez initially reported to Pretrial Services that she was not in a position to assist Defendant, but at the hearing she represented that she and her husband would sign a bond. Given the Defendant's criminal history and the risk of nonappearance (see below), there is not sufficient moral suasion that Defendant would abide by the conditions of pretrial release if his aunt and uncle signed an unsecured bond.

In light of the above, Defendant was unsuccessful in rebutting the presumption that he is a danger to the community.

### C. Risk of Nonappearance

Factors that indicate Defendant poses a risk of nonappearance include the fact that his wife is not in the United States legally, that he has frequently traveled to Mexico to visit relatives, that he has no viable sureties, and that he is facing a minimum of 10 years in prison. He also attempted to flee from police at the time of his arrest in this case, and was driving on a suspended license. Defendant has used six aliases/variations of his own name, and two social security numbers. Mitigating factors include his ties to the community and that he is a U.S. Citizen, however, these factors are not sufficient to rebut the presumption of detention and reasonably assure his appearance.

### III. CONCLUSION

In light of Defendant's criminal history, the nature and circumstances of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the

community and/or poses a risk of nonappearance, and that there are no conditions or combination of release conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 10, 2013

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-12-00685-YGR (KAW) 5